IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, EMMA SHULEVITZ, and STEPHANIE SMITH,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE GEORGETOWN UNIVERSITY, THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and HISTADRUTH HORABONIM DEAMERICA<br><br>　　　　Defendants. | Case No. 1:15-cv-00026 |
| JANE DOE 2, AND ALL OTHER CLASS MEMBERS AS DEFINED HEREIN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and RABBINICAL COUNCIL OF AMERICA<br><br>　　　　Defendants. | Case No. Case No. 1:15-cv-00028 |

**MOTION OF DEFENDANTS GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION AND THE NATIONAL CAPITAL MIKVAH, INC., TO CONSOLIDATE CASES AND STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL AND THE FILING OF A <u>CONSOLIDATED COMPLAINT</u>**

1

The Defendants, The Georgetown Synagogue – Kesher Israel Congregation ("Kesher"), and the National Capital Mikvah, Inc. (the "NCM"), by their undersigned counsel, move this Court for an Order consolidating the above-captioned cases and staying these class action lawsuits pending the determination and appointment of interim class counsel for the putative classes, as well as a direction that interim class counsel file a Consolidated Complaint. In support thereof, the defendants state:

1.   Kesher and the NCM (along with Defendant Rabbinical Council of America, Inc.) have been named as defendants in two separate but substantially similar lawsuits seeking certification of overlapping classes.

2.   The respective Complaints in the cases allege various causes of action arising out of the same operative facts.

3.   Both cases have been removed to this Court pursuant to 28 U.S.C. § 1441 and the Class Action Fairness Act, 28 U.S.C.A. § 1332 (d).

4.   Consolidation is appropriate due to the existence of broadly overlapping factual allegations and legal claims in the Complaints of the respective plaintiffs.

5.   A stay of the proceedings and relieving defendants of any obligation to answer or otherwise respond to the current Complaints, pending determination and appointment of interim class counsel, and a direction that interim class counsel prepare and file a Consolidated Complaint are in the interest of justice and economy for both the Court and the parties. The defendants should be granted 30 days from the filing of a Consolidated Complaint to answer or otherwise respond.

6. The requested relief will simplify the proceedings, reduce the burden of the litigation on the parties and the Court, and will not prejudice or otherwise disadvantage any of the parties.

WHEREFORE, Defendants Kesher and the NCM request that their foregoing motion to consolidate the cases, stay the proceedings pending determination and appointment of interim class counsel, and direct to appointed interim class counsel to file a Consolidated Complaint be granted.

                              BACON, THORNTON & PALMER, L.L.P.

                              By:   */s/Edward C. Bacon*
                                      Edward C. Bacon #270124
                                      */s/Patricia M. Thornton*
                                      Patricia M. Thornton #354951
                                      Bacon, Thornton & Palmer, LLP
                                      Capital Office Park
                                      6411 Ivy Lane, Suite 500
                                      Greenbelt, MD  20770-1411
                                      301-345-7001
                                      ebacon@lawbtp.com
                                      pthornton@lawbtp.com

                              GIBSON, DUNN & CRUTCHER L.L.P.

                              By:   */s/Paul Blankenstein*
                                      Paul Blankenstein #304931
                                      */s/Maura M. Logan*
                                      Maura M. Logan #1010924
                                      Gibson, Dunn & Crutcher LLP
                                      1050 Connecticut Avenue, N.W.
                                      Washington, D.C.  20036
                                      202-955-8500
                                      PBlankenstein@gibsondunn.com
                                      MLogan@gibsondunn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, EMMA SHULEVITZ, and STEPHANIE SMITH,<br>Plaintiffs,<br>v.<br>THE GEORGETOWN UNIVERSITY, THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and HISTADRUTH HORABONIM DEAMERICA<br>Defendants. | Case No. 1:15-cv-00026 |
| JANE DOE 2, AND ALL OTHER CLASS MEMBERS AS DEFINED HEREIN,<br>Plaintiffs,<br>v.<br>THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and RABBINICAL COUNCIL OF AMERICA<br>Defendants. | Case No. 1:15-cv-00028 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION AND NATIONAL CAPITAL MIKVAH, INC. TO STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL AND <u>THE FILING OF A CONSOLIDATED COMPLAINT</u>**

1

The Defendants, The Georgetown Synagogue – Kesher Israel Congregation ("Kesher"), and the National Capital Mikvah, Inc. (the "NCM"), by their undersigned counsel, submit this Memorandum in support of their motion for an order to stay proceedings and to relieve defendants of any obligation to answer or respond to the current Complaints, until the Court appoints an interim lead counsel to represent the classes described in the respective Complaints and directs the filing of a Consolidated Complaint.[1]

## INTRODUCTION

Kesher is a Modern Orthodox synagogue that has been located in the Georgetown neighborhood of Washington, D.C., for over 100 years. NCM is a separate entity that utilizes premises adjacent to Kesher for the purpose of operating a Jewish ritual bath facility, known in Hebrew as a "Mikvah." While separately represented, Kesher and the NCM have jointly filed this motion due to the commonality of issues presented by the respective Complaints in the above-referenced cases.

Kesher and the NCM (along with the Rabbinical Council of America, Inc.) have been named as defendants in two separate but substantially similar lawsuits both seeking class action certification. The respective Complaints filed in both lawsuits allege various causes of action arising out of voyeuristic conduct of Rabbi Bernard "Barry" Freundel ("Freundel"). The respective Complaints assert that Freundel surreptitiously obtained electronic images of plaintiffs and other members of the respective putative classes in a state of undress while engaged in using the Mikvah located at 1308 28th St. NW in Washington D.C. Both Complaints were initially

---

[1] Kesher and the NCM deny that class action certification is appropriate in either lawsuit, and expressly reserve their rights to oppose the class action certification sought in both lawsuits, or in connection with a Consolidated Complaint. The filing of this motion does not constitute a waiver of rights or any admission by any defendant in connection with the class action allegations in the respective complaints.

2

filed in the Superior Court of the District of Columbia and have been removed to this Court pursuant to 28 U.S.C. § 1441 and the Class Action Fairness Act, 28 U.S.C.A. § 1332 (d).

The two pending Complaints, while similar, include different causes of actions and proposed class definitions:

In the first lawsuit filed, *Jane Doe, et al v. The Georgetown University, et al*, D.D.C. Case No. 1:15-cv-00026, originally filed as DCSC Case No. 2014 CA 007644 B ("*Jane Doe 1*"), the individual plaintiffs are represented by the law firm of Silverman Thompson Slutkin White LLC. In addition to the individual plaintiff proceeding under a pseudonym, Jane Doe, two additional individual plaintiffs – Emma Shulevitz and Stephanie Smith – are named in the Amended Complaint (**Exhibit 1**). In addition to Georgetown University, Kesher, and NCM, all of which were defendants in the initial Complaint, the Amended Complaint added the RCA as a defendant.

While Jane Doe 1 only asserts an individual claim against Georgetown University, the Amended Complaint alleges various causes of action on behalf of a class against Kesher, NCM and the RCA arising out of Freundel's voyeuristic actions. The alleged causes of action include Negligent Hiring, Training, Retention and Supervision (Count I); Negligent Entrustment (Count II); Vicarious Liability – *Respondeat Superior* Negligence and Negligence Per Se (Count III); Direct Negligence (Count IV); Vicarious Liability – *Respondeat Superior* Invasion of Privacy – Intrusion upon Seclusion (Count V); and Vicarious Liability – *Respondeat Superior* Violation of D.C. Code § 23-554 (a) – Wiretapping (Count VI). The Jane Doe Complaint seeks to have a class certified that is defined as:

> [A]ll women who participated in an immersion ritual at the NCM/Kesher Israel Mikvah (the "immersion"): (i) while Freundel was an actual and/or apparent agent, servant, and/or employee of Kesher Israel, NCM, and/or the RCA, (ii) where Freundel initiated,

3

>arranged, participated in or was otherwise involved in the immersion, and (iii) who, through cameras, surveillance equipment, recording devices, or other surreptitious means positioned or contrived by Freundel individually or at his request or direction, were involuntarily and secretly photographed or recorded by any means or otherwise subjected to invasions of their privacy in connection with the immersion.
>(**Exhibit 1**, ¶ 119).

In the second lawsuit, *Jane Doe 2 et al. v. The Georgetown Synagogue – Kesher Israel Congregation, et al.*, D.D.C. Case No. 1:15-cv-00028, originally filed as DCSC Case No. 2014 CA 008073 B ("*Jane Doe 2*"), the individually-named plaintiff proceeding under a pseudonym is represented by the law firm of Chaiken, Sherman, Cammarata & Siegel, P.C. (**Exhibit 2**). The Jane Doe 2 Complaint also names Kesher, NCM, and the RCA as defendants. Styled as a "Class Action Complaint," the Jane Doe 2 Complaint alleges various causes of action individually and on behalf of a class against the defendants, also based upon Freundel's voyeuristic conduct. Those claims include Intrusion upon Seclusion – *Respondeat Superior* (Count I); Negligent Infliction of Emotional Distress (Count II); Wiretapping Action under D.C. Code § 23-554 (a) – *Respondeat Superior* (Count III); Negligent Hiring, Training, Retention and Supervision (Count IV); and Premises Liability (Count V).  The Jane Doe 2 Complaint seeks to have a class certified that includes:

>Any and all women who used any portion of the mikvah utilized by Kesher Israel Synagogue, also known as The National Capital Mikvah, at any time since 2005 to the present, including but not limited to women who used any portion of the mikvah either because Rabbi Fruendel [sic] arranged their attendance at the mikvah and/or Rabbi Fruendel [sic] solicited, initiated, and/or participated in any way in their use of the mikvah. (**Exhibit 2**, ¶ 25).

## THE CASES SHOULD BE CONSOLIDATED AND THE COURT SHOULD DIRECT THE FILING OF A CONSOLIDATED COMPLAINT

This Court has broad discretion under Rule 42 of the Federal Rules of Civil Procedure (the "Rules") to control the course of class action litigation, including the consolidation of multiple actions where, as here, a comparison of the two pending lawsuits reveals broadly overlapping factual allegations and legal claims. The court is plainly empowered to consolidate those class action lawsuits that, as here, arise from the same operative facts and assert similar legal claims, so as to avoid unnecessary costs or delay. Consolidation is an important tool of judicial administration to eliminate unnecessary repetition, possible confusion, and the risk of inconsistent judgments resulting from multiple lawsuits arising from the same operative facts. *Delre v. Perry*, 288 F.R.D. 241 (E.D.N.Y. 2012); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990).

The ability of the Court to consolidate the cases, and in that regard to order the filing of a consolidated complaint, is inherent in the discretionary authority granted to the Court under Rule 42, particularly where, as here, there is no indication than any named plaintiff or class member would be prejudiced or otherwise disadvantaged from such consolidation. *See In re Equity Funding Corp. of Am. Secs. Litig.*, 416 F. Supp. 161 (C.D. Cal. 1976). *The Manual for Complex Litigation, Fourth* explains: "To the extent that . . . problems relate to differences in pleadings in different cases, they may be solved by ordering or allowing the filing of a consolidated complaint that amends existing complaints to add the necessary or appropriate claims and parties. A single pleading, in a single action, can then serve as the vehicle for defining the proposed class and deciding class certification." § 21.25.  The Court in *Delre* did exactly that in consolidating two putative class action lawsuits and ordering the filing of a consolidated complaint.

Notwithstanding the broad overlap of factual and legal allegations in the two pending lawsuits, a review of the respective Complaints reveals differences in the alleged causes of action and the proposed class definition. For example, in *Jane Doe 1*, the class is limited to those women who were actually recorded by Freundel; in *Jane Doe 2*, however, the class is broader, encompassing all women who have used the Mikvah since 2005, regardless of whether they had been photographed or recorded. Those are two very different class definitions arising out of the same case. In the absence of a consolidated complaint, the defendants will be required to file multiple responses to similar yet different competing lawsuits, giving rise to potential confusion and inconsistencies.

For all of the foregoing reasons, it is in the interest of economy and efficiency for both the Court and the parties that the pending cases be consolidated, and for the Court to order the filing of a Consolidated Complaint as the vehicle for further proceedings in the matter.

## THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL

To facilitate the filing of a Consolidated Complaint, the Court should appoint interim class counsel. The appointment of interim class counsel is expressly authorized by Rule 23(g)(3), which provides that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Such action is warranted where, as here, overlapping and duplicative class actions have been filed and are consolidated in a single court for the coordination of pretrial proceedings. As one district court has explained: "In cases ... where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management." *In*

*re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)).

Indeed, appointment of interim class counsel has been recognized as an important tool for the efficient administration of the proceedings where, as here, two similar yet different complaints were filed on behalf of individual plaintiffs also seeking certification of overlapping classes. As the court in *Delre* put the matter:

> "Designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities [.]" *In re Mun. Derivatives Antitrust Litig.,* 252 F.R.D. 184, 185–186 (S.D.N.Y. 2008) (citation and internal quotation marks and alterations omitted). In this regard, "[t]he appointment of interim class counsel may be helpful in clarifying responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *In re Facebook, Inc.,* 288 F.R.D. 26 (S.D.N.Y. 2012).

*Id.* at 247.

As in *Delre*, the appointment of interim class counsel in the pending cases will not only assist in clarifying responsibility for protecting the interests of the putative class members during precertification activities, but will also promote efficiency in the filing of a Consolidated Complaint, and subsequently in filing and responding to motions, and conducting any necessary discovery.

### PROCEEDINGS IN THE CASES SHOULD BE STAYED PENDING THE APPOINTMENT OF INTERIM CLASS COUNSEL AND THE FILING OF A CONSOLIDATED COMPLAINT

If the Court agrees to the appointment of interim class counsel and directs the filing of a Consolidated Complaint, a stay of proceedings, including relieving defendants of any obligation

to respond to the respective pending Complaints until the filing of a Consolidated Complaint, is appropriate.²

It is, of course, within this Court's sound discretion whether to grant such a stay of proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *See also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal.1997).

In exercising its "substantial discretion to determine whether to grant a stay," a district court should generally consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers,* 980 F. Supp., at 1360.

Here, consideration of those factors plainly favors a stay of the proceedings pending appointment of interim counsel and the filing of a Consolidated Complaint. Both cases are in their initial stage; no response to either pending Complaint has been filed by the defendants; and the legal and factual issues raised in the two Complaints arise from the same operative facts.

There is no indication that a stay of the proceedings in order to determine and appoint interim class counsel, and the filing of a Consolidated Complaint, will prejudice any of the named plaintiffs or the classes they seek to represent. The stay requested herein is anticipated to

---

² Alternatively, pursuant to Rule 6, Kesher and the NCM seek an extension of time to file their initial responses to the pending Complaints to thirty (30) days from the disposition of this motion in the event the relief requested herein is denied.

be of relatively short duration. As part of this motion, the defendants request that the stay include a stay of their obligation to respond to the current Complaints, and a period of thirty (30) days to answer or otherwise respond to a Consolidated Complaint. The requested stay will make it unnecessary for the defendants to file responses to the two pending Complaints, only to file yet another response to the Consolidated Complaint. The requested stay is thus in the interest of economy and efficiency for the Court and the parties in avoiding unnecessary filings with respect to the two respective Jane Doe lawsuits.

## CONCLUSION

For all of the foregoing reasons, the defendants, Kesher and the NCM respectfully request that the Court grant their motion and that the Court enter an Order that:

1. Consolidates Case Numbers 1:15-cv-00026 and 1:15-cv-00028;

2. Directs the Clerk of the Court to consolidate the two actions set forth above under Case Number 1:15-cv-00026 and that Case Number 1:15-cv-00028 is to be closed;

3. Provides that the consolidated action be referred to as "*Jane Doe, et al. v. Kesher Israel Congregation, et al.*" and shall proceed under Case Number 1:15-cv-00026, and that all filings are to be made only under Case Number 1:15-cv-00026;

4. Determines and appoints interim class counsel;

5. Directs that interim class counsel file a Consolidated Complaint.

6. Stays all proceedings in the two Jane Doe lawsuits pending the determination and appointment of interim class counsel, and the filing of a Consolidated Complaint; and

7. Provides that the defendants have thirty (30) days' time for the filing of the defendants' responses from the filing of the Consolidated Complaint to answer or otherwise respond.

be of relatively short duration. As part of this motion, the defendants request that the stay include a stay of their obligation to respond to the current Complaints, and a period of thirty (30) days to answer or otherwise respond to a Consolidated Complaint. The requested stay will make it unnecessary for the defendants to file responses to the two pending Complaints, only to file yet another response to the Consolidated Complaint. The requested stay is thus in the interest of economy and efficiency for the Court and the parties in avoiding unnecessary filings with respect to the two respective Jane Doe lawsuits.

## CONCLUSION

For all of the foregoing reasons, the defendants, Kesher and the NCM respectfully request that the Court grant their motion and that the Court enter an Order that:

1. Consolidates Case Numbers 1:15-cv-00026 and 1:15-cv-00028;

2. Directs the Clerk of the Court to consolidate the two actions set forth above under Case Number 1:15-cv-00026 and that Case Number 1:15-cv-00028 is to be closed;

3. Provides that the consolidated action be referred to as "*Jane Doe, et al. v. Kesher Israel Congregation, et al.*" and shall proceed under Case Number 1:15-cv-00026, and that all filings are to be made only under Case Number 1:15-cv-00026;

4. Determines and appoints interim class counsel;

5. Directs that interim class counsel file a Consolidated Complaint.

6. Stays all proceedings in the two Jane Doe lawsuits pending the determination and appointment of interim class counsel, and the filing of a Consolidated Complaint; and

7. Provides that the defendants have thirty (30) days' time for the filing of the defendants' responses from the filing of the Consolidated Complaint to answer or otherwise respond.

                BACON, THORNTON & PALMER, L.L.P.

By: */s/Edward C. Bacon*
     Edward C. Bacon #270124
     */s/Patricia M. Thornton*
     Patricia M. Thornton #354951
     Bacon, Thornton & Palmer, LLP
     Capital Office Park
     6411 Ivy Lane, Suite 500
     Greenbelt, MD  20770-1411
     301-345-7001
     ebacon@lawbtp.com
     pthornton@lawbtp.com


                GIBSON, DUNN & CRUTCHER L.L.P.

By: */s/Paul Blankenstein*
     Paul Blankenstein #304931
     */s/Maura M. Logan*
     Maura M. Logan #1010924
     Gibson, Dunn & Crutcher LLP
     1050 Connecticut Avenue, N.W.
     Washington, D.C.  20036-5306
     202-955-8500
     PBlankenstein@gibsondunn.com
     MLogan@gibsondunn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, EMMA SHULEVITZ, and STEPHANIE SMITH,<br>Plaintiffs,<br>v.<br>THE GEORGETOWN UNIVERSITY, THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and HISTADRUTH HORABONIM DEAMERICA<br>Defendants. | Case No. 1:15-cv-00026 |
| JANE DOE 2, AND ALL OTHER CLASS MEMBERS AS DEFINED HEREIN,<br>Plaintiffs,<br>v.<br>THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and RABBINICAL COUNCIL OF AMERICA<br>Defendants. | Case No. 1:15-cv-00028 |

**CERTIFICATE OF SERVICE**

I, Maura M. Logan, do hereby certify on this 8th day of January, 2015, that true and correct copies of the following were filed electronically:

**MOTION OF DEFENDANTS GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION AND THE NATIONAL CAPITAL MIKVAH, INC., TO CONSOLIDATE CASES AND STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL AND THE FILING OF A CONSOLIDATED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS THE GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION AND NATIONAL CAPITAL MIKVAH, INC. TO STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL AND THE FILING OF A CONSOLIDATED COMPLAINT**

**[PROPOSED] ORDER GRANTING MOTION TO CONSOLIDATE CASES AND STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL AND THE FILING OF A CONSOLIDATED COMPLAINT**

Those attorneys who are registered with the Electronic Case Filing ("ECF") System may access this filing through the Court's system, and notice of this filing will be sent to the parties by operation of the Court's ECF System. Attorneys not registered with the Court's ECF System will be duly and properly served in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

*/s/Maura M. Logan*
Maura M. Logan