## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE, EMMA SHULEVITZ, and STEPHANIE SMITH, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| THE GEORGETOWN UNIVERSITY, THE GEORGETOWN SYNAGOGUE - KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and HISTADRUTH HORABONIM DEAMERICA | ) ) ) ) ) ) | Case. No. 1:15-cv-00026 |
| Defendants. | ) ) ) ) | |

| | | |
|---|---|---|
| JANE DOE 2, AND ALL OTHER CLASS MEMBERS AS DEFINED HEREIN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| THE GEORGETOWN SYNAGOGUE - KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and RABBINICAL COUNCIL OF AMERICA | ) ) ) ) ) | Case. No. 1:15-cv-00028 |
| Defendants. | ) ) ) ) | |

### PLAINTIFF JANE DOE 2'S OPPOSITION TO MOTION OF DEFENDANTS GEORGETOWN SYNAGOGUE – KESHER ISRAEL CONGREGATION AND THE NATIONAL CAPITAL MIKVAH, INC., TO CONSOLIDATE CASES AND STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL AND THE FILING OF CONSOLIDATED COMPLAINT

## PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

The motion by Defendants Georgetown Synagogue – Kesher Israel Congregation ("Kesher Israel") and the National Capitol Mikvah, Inc. ("NMC"), must be denied. Both defendants have removed this suit and another separate action ("Jane Doe 1") from D.C. Superior Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Defendants now ask the Court to consolidate the two actions under Fed. R. Civ. Pro. Rule 42, and to order the appointment of interim counsel and the filing of a consolidated complaint. But Defendants have placed the cart before the horse. Precedent is unanimous that a Federal Court may only consolidate actions which are pending "before" the same court. *Oregon Egg Producers v. Andrew,* 458 F.2d 382 (9th Cir. 1972); *Caampued v. Deutsche Bank National Trust Company,* No. C 12-1223, 2012 U.S. Dist. LEXIS 65854 (N.D. Cal. May 10, 2012). Where, however, a state suit is improperly removed to Federal Court, the case is not considered as pending before the court, and a motion to consolidate must be denied. *Cummings v. Conglobal Industries, Inc.,* No. 07-cv-409, 2008 U.S. Dist. LEXIS 17634 (N.D. Okla. Mar. 5, 2008); *United States use of Owens-Corning Fiberglass Corp. v. Brandt Construction Co.,* 826 F.2d 643, 647 (7th Cir. 1987).

This action has been improperly removed, and therefore it is not eligible for consolidation or the related relief Defendants seek. Simultaneously with this Opposition, Plaintiffs are filing a motion to remand under the "home state" and "discretionary" exceptions to CAFA jurisdiction. Plaintiffs' motion demonstrates that this D.C.-centric case has no business being in Federal Court and should be remanded to the District of Columbia Superior Court. Accordingly, this suit is not properly before the Court and the Defendants' motion to consolidate should be denied outright.

At a minimum, the Court should deny consolidation without prejudice and first decide the remand motion. See *U.S. Bank National Association v. Tyler,* No. C 10-4033, 2010 U.S. Dist.

LEXIS 130228 (N.D. Cal. Nov. 12, 2010); *Great American Insurance Co. v. Crabtree,* No. CIV 11-1129, 2012 U.S. Dist. LEXIS 120096, at *60, 62 (D.N.M. Aug. 23, 2012) ("Accordingly, the Court will deny the Motion to Consolidate without prejudice to the Defendants renewing this [consolidation] motion should the Court deny the motion to remand.").

Even if the Court rules against remanding to Superior Court, it should still deny consolidation without prejudice to a later renewal by Defendants. As described in the Declaration of Joseph Cammarata, Esq. (attached hereto as *Exhibit A*), Plaintiffs plan to amend their complaint and also add several additional plaintiffs. The decision to grant or deny consolidation is a fact-sensitive one, dependent on the particular circumstances of each case. If this case stays here, the Court should await filing of Plaintiffs' Amended Complaint and then order new briefing on a motion to consolidate. Only at that point will the Court be able to fairly evaluate whether the two Jane Doe cases share sufficiently common issues to justify consolidation (See P. 6, *infra).*

Defendants' motion also asks the Court to appoint interim counsel over these proposed class actions. If the court decides to retain jurisdiction, it should hold a separate hearing to make a more informed choice. At this juncture, it is worth noting that Plaintiffs' co-counsel, Sanford Heisler Kimpel, LLP, has a distinguished record in obtaining class certification and class-wide relief matched by few, if any, firms in the nation. This argues strongly for their appointment as co-interim counsel.

## **BACKGROUND FACTS AND PROCEDURAL HISTORY**

The facts underlying this suit and its procedural history are fully spelled out in Plaintiffs' accompanying motion to remand to D.C. Superior Court. Plaintiffs respectfully refer the court to the remand motion which is incorporated into this opposition.

## LEGAL ARGUMENT

### (i) Rule 42 Consolidation

Rule 42(a) states in pertinent part:

> [i]f actions **before the court** involve a common question of law or fact, the Court may… consolidate the actions.

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Railroad Co.,* 289 U.S. 479, 496-497 (1933).

### (ii) Improperly Removed Cases Cannot be Consolidated

Rule 42(a) dictates that an action must be "pending before the court" as a precondition to consolidation with another suit. *United States use of Owens-Corning Fiberglass Corp. v. Brandt Construction Co.,* 826 F. 2d 643, 647 (7th Cir. 1987). An "improperly removed action does not meet this criterion." *Id.* Case law is consequently prolific that an action which is improperly removed, or a suit over which the Court lacks jurisdiction may not be consolidated with another action.

See the following precedents: *Oregon Egg Producers v. Andrew,* 458 F. 2d 382, 383 (9th Cir. 1972) (suit improperly removed to Federal District Court cannot be consolidated with related case previously pending there.); *Brandt, supra,* at 647 (improper removal bars consolidation even where removed case shares common issues with other case); *Mikels v. Estep,* 2012 U.S. Dist. LEXIS 51733, at *13 (N.D. Cal. Apr. 12, 2012) (where plaintiff twice unsuccessfully attempted to remove state case to Federal Court, consolidation was denied because, "there is no case for the Court to consolidate with"); *Bank of America, N.A., v. Pinkney-*

*Hart,* No. CV 11-09301, 2011 U.S. Dist. LEXIS 131053, at *2 (C.D. Cal. Nov. 14, 2011)

(improperly removed case can't be consolidated with related case already pending there); *United*

*States Bank N.A., v. Gonzalez,* No. 2:10-cv-02736, 2011 U.S. Dist. LEXIS 36221, at *18,

footnote 7 (E.D. Cal. Mar. 22, 2011) ("Because the undersigned [Court] concludes that removal

is not proper, the present action is not **before the Court**, and therefore consolidation is not

permitted") (emphasis in original); *Carrasco v. HSBC Bank U.S.A., N.A.,* No. C-11-2711, 2012

U.S. Dist. LEXIS 25496, at *16-17 (N.D. Cal. Feb. 28, 2012).

      See additionally *Aurora Loan Services, LLC,* CV 11-7848, 2011 U.S. Dist. LEXIS

126993, at *5 (C.D. Cal. Oct. 28, 2011); *Caampued v. Deutsche Bank National Trust Co.,* No. C

12-1223, 2012 U.S. Dist. LEXIS 65854, at *2 (N.D. Cal. May 10, 2012); *McKenzie v. United*

*States,* 678 F. 2d 571, 574 (5th Cir. 1982); *Cummings v. Conglobal Industries, Inc.,* No. 07-CV-

409, 2008 U.S. Dist. LEXIS 17634, at *5 (N.D. Okla. Mar. 5, 2008); *Hendershaw & Assocs. v.*

*Hammerlord,* No. 11-cv-2220, 2011 U.S. Dist. LEXIS 109260, at *4 (S.D. Cal. Sept. 26, 2011);

*Cuomo v. Long Island Lighting Co.,* 589 F. Supp. 1387, 1397 (E.D.N.Y. 1984); *Fannie Mae v.*

*Lemon,* No. CV 11-03948, 2011 U.S. Dist. LEXIS 82052, at *7-8 (C.D. Cal. July 26, 2011).

      See generally, Steinman, *The Effects of Case Consolidation on the Procedural Rights of*

*Litigants,* 42 UCLA L. Rev. 717, footnote 116 (1995) (collating decisions for the rule that an

improperly removed case may not be consolidated even with a closely related one).

### (iii) Application of the Above Precedent Compels Denial of Defendants' Motion for Consolidation and Other Relief

      This improperly removed action cannot be consolidated with the "Jane Doe #1" suit. In

their companion motion to remand, Plaintiffs show that this suit should be remanded either under

CAFA's mandatory "home state" exception to CAFA jurisdiction or the discretionary exception

spelled out in Section 1332 (d)(3).

The above CAFA exceptions confirm that this case is not "before the court" as Rule 42(a) mandates. These lacunae are fatal to Defendants' motion to consolidate and related relief. The motion should be denied.

### (iv) At a Minimum, the Court Should Deny Consolidation and Related Relief Without Prejudice and First Rule on Plaintiffs' Motion to Remand

Authority is abundant that a court abuses its discretion if it consolidates cases before deciding a motion to remand. *In re Excel Corp.,* 106 F. 3d 1197, 1201 (5th Cir. 1997). Stated differently, when as here, a Court is faced with a motion to consolidate, it should deny consolidation without prejudice to renewal, and only if it decides against remanding should it address consolidation. See *Great American Insurance Co. v. Crabtree,* No. CIV 11-1129, 2012 U.S. Dist. LEXIS 120096, at *58-59 (D.N.M. Aug. 23, 2012) ("The Court does not believe it is appropriate to consolidate [case "A" with case "B"] while a motion to remand [case "B"] remains pending").

This approach carries out the principle that a Federal District Court's first obligation is to ascertain whether it has jurisdiction over the suit. *Tarta v. Nation Care, Inc.,* 864 F. Supp. 2d 173 (D. D.C. 2012); *Malyutin v. Rice,* 677 F. Supp. 2d 43 (D.D.C. 2009).

On the strength of these decisions, the Court should deny without prejudice Defendants' motion for consolidation and related relief and first decide Plaintiffs' motion to remand to D.C. Superior Court.

### (v) If the Court Declines to Remand, It Should Decide Defendants' Motion to Consolidate Only After Plaintiffs Serve An Amended Complaint

In considering whether to consolidate two suits:

[T]he court should consider whether judicial efficiency is best served… The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause. *Frederick v. S. Star Cent. Gas Pipeline, Inc.,* No. 10-1063, 2010 U.S. Dist. LEXIS 116821 at *4 (D.

Kansas Oct. 29, 2010).

When a party files a motion to consolidate while a motion to amend the complaint has yet to be resolved, courts have denied such consolidation requests as premature. See, *Oliver v. Dow*, No. 2:10-cv-01542; Order at 1 (D.N.J. April 30, 2012) ("[T]his Court finds that Defendants' motion to consolidate is at this time premature in light of currently pending motions to amend the complaints in the instant action and the <u>Alves</u> action…"). This ruling recognizes that a motion to consolidate is premature when it could be more effectively evaluated at a later date. See, e.g., *Brodetski v. Duffey*, No. 98-839, Order at 6 (D. D.C. July 28, 2000) (denying as premature to consolidate a number of Title VIII actions given the EEOCs failure to issue a: 1) final decision on the complaints, or 2) a right to sue letter).

Based on this reasoning, if the Court retains the case, it should not rule on consolidation until after Plaintiffs file an Amended Complaint and a new motion to consolidate is served. The Court would be jumping the gun to rule before an amendment and before the Court can evaluate the similarities and differences between the operative pleadings in Jane Doe #2 and Jane Doe #1.

### (vi) Appointment of Interim Counsel

If the court denies Plaintiffs' motion to remand, it should hold a hearing on whom to appoint Interim Class Counsel. Rule 23(g)(3) empowers the Court to designate Interim Counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." The Court should appoint the attorneys best able to represent the interests of the putative class. This is the standard for designation of class counsel and it should govern interim counsel as well.

In this connection, it is worthy of note that Sanford Heisler Kimpel, LLP ("SHK") are co-counsel with Chaikin, Sherman, Cammarata, and Siegel, P.C. in the Jane Doe #2 suit. SHK has

an outstanding and unblemished record in winning class certification for aggrieved class members throughout the country.

## **CONCLUSION**

Because Defendants have improperly removed this suit from D.C. Superior Court, the action is not properly before this Court. Consequently, Defendants' motion to consolidate this case with the Jane Doe #1 action should be denied.

If the Court refuses to remand to D.C. Superior Court and rules that this litigation must remain here, the Court should not rule on consolidation until after Plaintiffs file an amended complaint.

Finally, if there is no remand, the Court should hold a hearing on designation of interim class counsel.

WHEREFORE, Plaintiffs respectfully request that the Court remand this case to the Superior Court for the District of Columbia.

> */s/ David W. Sanford*
> David Sanford, Esquire
> D.C. Bar No. 457933
> Sanford Heisler Kimpel, LLP
> 1350 Avenue of the Americas, 31st Floor
> New York, NY 10019
> Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Jane Doe 2's Opposition to Motion of Defendants Georgetown Synagogue – Kesher Israel Congregation and the National Capital Mikvah, Inc., to Consolidate Cases and Stay Proceedings Pending Appointment of Interim Class Counsel and the Filing of Consolidated Complaint, was served on January 22nd, 2015, by the Case Management / Electronic Case Files system, to:

> Edward Clark Bacon
> Bacon, Thornton & Palmer, LLP
> Capital Office Park
> 6411 Ivy Lane
> Suite 500
> Greenbelt, MD 20770
>
> Paul Blankenstein
> Maura McCormick Logan
> Gibson, Dunn & Crutcher, LLP
> 1050 Connecticut Avenue NW
> Washington, D.C. 20036
>
> Mark D. Harris
> Proskauer Rose, LLP
> Eleven Times Square
> New York, NY 10036

*/s/ David W. Sanford*
David W. Sanford

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE, EMMA SHULEVITZ, and STEPHANIE SMITH, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE GEORGETOWN UNIVERSITY, | ) | Case. No. 1:15-cv-00026 |
| THE GEORGETOWN SYNAGOGUE - | ) | |
| KESHER ISRAEL CONGREGATION, | ) | |
| THE NATIONAL CAPITAL MIKVAH, | ) | |
| INC., and HISTADRUTH HORABONIM | ) | |
| DEAMERICA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| JANE DOE 2, AND ALL OTHER CLASS MEMBERS AS DEFINED HEREIN, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE GEORGETOWN SYNAGOGUE - | ) | Case. No. 1:15-cv-00028 |
| KESHER ISRAEL CONGREGATION, | ) | |
| THE NATIONAL CAPITAL MIKVAH, | ) | |
| INC., and RABBINICAL COUNCIL OF | ) | |
| AMERICA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Upon consideration of the Motion of Defendants Georgetown Synagogue – Kesher

Israel Congregation and the National Capital Mikvah, Inc., to Consolidate Cases and Stay

Proceedings Pending Appointment of Interim Class Counsel and the Filing of Consolidated

Complaint, finding good cause supporting the same, it is on this ___ day of _____,

2015, hereby ORDERED that the Motion is DENIED.


_____

Judge Christopher R. Cooper
United States District Court
for the District of Columbia

CC:

David Sanford
Sanford Heisler Kimpel, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019

Ira Sherman
Joseph Cammarata
Allan M. Siegel
Matthew W. Tievsky
CHAIKIN, SHERMAN,
  CAMMARATA & SIEGEL, P.C.
1232 17th Street, N.W.
Washington, D.C. 20036

Edward Clark Bacon
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane
Suite 500
Greenbelt, MD 20770

Paul Blankenstein
Maura McCormick Logan
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036

Mark D. Harris
Proskauer Rose, LLP
Eleven Times Square
New York, NY 10036

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, EMMA SHULEVITZ, and STEPHANIE SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEORGETOWN UNIVERSITY, THE GEORGETOWN SYNAGOGUE - KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and HISTADRUTH HORABONIM DEAMERICA<br><br>Defendants. | Case. No. 1:15-cv-00026 |
| JANE DOE 2, AND ALL OTHER CLASS MEMBERS AS DEFINED HEREIN,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEORGETOWN SYNAGOGUE - KESHER ISRAEL CONGREGATION, THE NATIONAL CAPITAL MIKVAH, INC., and RABBINICAL COUNCIL OF AMERICA<br><br>Defendants. | Case. No. Case. No. 1:15-cv-00028 |

## DECLARATION OF JOSEPH CAMMARATA



I, Joseph Cammarata, give the following declaration pursuant to 28 U.S.C. § 1746:

1.      I make this Declaration based upon personal knowledge and, if sworn as a witness, could testify competently to the facts stated herein.

2.      I am a citizen of the United States and a resident of Washington, D.C.  I am a partner at Chaikin, Sherman, Cammarata & Siegel, P.C. I was admitted to the bar in the District of Columbia on June 18, 1985. I am also licensed to practice in Virginia, Maryland, and New York.

3.      Plaintiffs in this action plan to amend their complaint and also add several additional plaintiffs.

I DECLARE under penalty of perjury that the foregoing is true and correct.

_____                    1-22-15
Joseph Cammarata                                                    Date